**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BEDU RAM THAPA,

Petitioner,

v. No. 1:26-cv-01780-DHU-JFR

GEORGE DEDOS, Acting Warden, Cibola County Correctional Center; MARISA FLORES, Field Director for U.S. Immigration and Customs Enforcement, El Paso Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Director, United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General, in their official capacities,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Bedu Ram Thapa's Petition for Writ of Habeas Corpus ("Petition"). Doc. 3. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Nepal who entered the United States without inspection in June 2023. *Id.* at 2. In June 2023, Petitioner was encountered by immigration officials and taken into immigration custody. *Id.* On June 3, 2023, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, initiating removal proceedings against him. *Id.* The Notice to Appear charges him as a noncitizen "present in the United States who has not been admitted or paroled." *Id.* at 23. On June 6, 2023, Petitioner was released on his own recognizance. *Id.* at 2.

Following his release, Petitioner resided in Texas, and thereafter filed and notified of a change of his address to East Elmhurst, New York. *Id.* at 2. On February 5, 2024, Petitioner affirmatively filed an Application for Asylum, Withholding of Removal, and for Withholding Under the Convention Against Torture ("CAT") with United States Citizenship and Immigration Services ("USCIS"). *Id.* In March 2024, Petitioner completed a biometrics appointment. *Id.* at 2-3.

On April 30, 2026, Petitioner was re-detained without notice or an opportunity to be heard. *Id.* at 3. He was subsequently transferred to Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.* On May 26, 2026, Petitioner had a bond hearing before an Immigration Judge. *Id.* The Immigration Judge denied the request claiming a lack of jurisdiction. *Id.*

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without procedural process violates the Due Process Clause of the Fifth Amendment. *Id.* at 13. Petitioner specifically argues that he has a protected liberty interest after being released from his initial detention. *Id.* He further argues that he re-detention without a pre-arrest hearing violates his due process rights. *Id.* He also argues that his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause. *Id.* at 14-16.[1] Petitioner specifically alleges that he is subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing, and that Respondents failure to provide a bond hearing also violates the Due Process Clause. *Id.* He requests a Writ of Habeas Corpus ordering Respondents to immediately release him

---

[1] Petitioner also argues that Respondents have re-detained him in violation of the Administrative Procedure Act ("APA"). *Id.* at 14-15. However, because the Court grants Petitioner's Habeas Petition on his Due Process and INA claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

from custody, or, alternatively, ordering Respondents to provide him with a bond hearing. *Id.* at 16. Petitioner also requests that the Court award him attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 17.

Respondents concede that Petitioner entered the United States without inspection in June 2023, was detained by immigration officials after his entry, and was then released on his own recognizance for years. Doc. 8 at 2. Respondents do not address Petitioner's argument that his re-detention without notice or a pre-arrest hearing violated the Due Process Clause. Respondents, instead, only address Petitioner's argument that his continued detention without a bond hearing violates the INA and the Due Process Clause, arguing that Petitioner is subject to 8 U.S.C. § 1225. *Id.* at 3. However, Respondents also acknowledge that the Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267 (D.N.M. 2026), on "facts substantially similar to those currently before the Court." *Id.* Respondents further acknowledge that the Tenth Circuit Court of Appeals in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "issued an opinion addressing the scope of detention authority under" Sections 1225 and 1226. Doc. 9 at 1.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these

occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2023, was detained within the United States, and was subsequently released on his own recognizance for several years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that the Due Process Clause requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by Section 1225 or 1226. However, it is worth noting that in *Santillan Quiroz*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th at 1237. The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2023, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-

detained several years later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than **three (3) days** from the entry of this Order confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

The Court will issue a separate final judgment but will retain jurisdiction to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE